**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Nicole Smith-Emerson**

    **v.**

**Liberty Life Assurance**
**Company of Boston**

Civil No. 14-cv-120-PB
Opinion No. 2015 DNH 080

**MEMORANDUM AND ORDER**

Nicole Smith-Emerson brought this action under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") challenging the decision of Liberty Life Assurance Company of Boston to terminate her long-term disability benefits. See 29 U.S.C. § 1132(a)(1)(B). Smith-Emerson seeks a ruling that her claim is subject to de novo review. For the reasons that follow, I deny her request.

## I. BACKGROUND

### A. Stipulated Facts

The parties have submitted a joint statement of material facts pursuant to Local Rule 9.4(b). Doc. No. 14. Because the joint statement is part of the record, I need not recount it here. Facts relevant to the disposition of this matter are

discussed as necessary below.

B.    **Procedural History**

Smith-Emerson is a 44-year-old woman who lives in Concord, New Hampshire.  She formerly worked at Citizens Financial Group as a loan officer.  After sustaining a neck injury, she stopped working in December 2011.  As a Citizens employee, Smith-Emerson was eligible for disability benefits through the company's long-term disability insurance plan (the "Citizens plan"), which was administered by Liberty Life Assurance Company of Boston ("Liberty").  After she stopped working, Smith-Emerson filed a claim for disability benefits.  She initially received short-term disability benefits and, in July 2012, Liberty informed her that it would begin paying her long-term disability benefits under a reservation of rights.  In September 2013, Liberty terminated Smith-Emerson's long-term disability benefits after further review of her claim.

Smith-Emerson filed this action in Merrimack County Superior Court challenging Liberty's decision to terminate her benefits.  Liberty removed the action to this Court in March 2014.  In December 2014, Smith-Emerson filed a motion for de novo review of her claim.  See Doc. No. 16.  Liberty objected,

2

arguing that deferential review should apply.  See Doc. No. 17.

## II.  DISCUSSION

"A denial of benefits challenged under [ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  "If, however, by its terms, the ERISA plan grants the plan administrator discretionary authority in the determination of eligibility for benefits, the administrator's decision must be upheld unless it is arbitrary, capricious, or an abuse of discretion." Wright v. R.R. Donnelley & Sons Co. Grp. Benefits Plan, 402 F.3d 67, 74 (1st Cir. 2005) (internal quotation omitted).  The parties dispute whether the Citizens plan extends sufficient discretionary authority to the plan administrator to warrant review under the deferential arbitrary and capricious standard.

The First Circuit's series of decisions in Denmark v. Liberty Life Assurance Co. of Boston is directly on point and controlling.  In the first of these decisions, Denmark I, the

3

plan under review provided that

> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder.  Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

481 F.3d 16, 27 (1st Cir. 2007) ("Denmark I").  The court held that this language granted discretionary authority to the plan administrator and, therefore, "warrant[ed] arbitrary and capricious review under Firestone."  Id. at 29.  In Denmark II, the court granted rehearing and superseded Denmark I on grounds that are immaterial here.  566 F.3d 1 (1st Cir. 2009) ("Denmark II").  What matters for our purposes, however, is that Denmark II affirmed the holding in Denmark I that the disputed plan's language extended discretionary authority to the plan administrator, concluding that the plan "contain[ed] a sufficient delegation of discretionary authority to trigger deferential review."  Id. at 9.

> Here, the Citizens plan provides that Liberty

> shall possess the authority, in its sole discretion, to construe the terms of [the Citizens plan] and to determine benefit eligibility hereunder.  Liberty's decisions regarding construction of the terms of [the Citizens plan] and benefit eligibility shall be conclusive and binding.

4

Doc. No. 14 at 2-3.  This language, of course, is virtually identical to the provision at issue in the Denmark cases that the First Circuit found to warrant deferential review.  See Denmark II, 566 F.3d at 9; Denmark I, 481 F.3d at 27.  The Denmark decisions, therefore, make clear that the Citizens plan extends discretionary authority to the plan administrator and, therefore, entitles decisions made by the administrator to deferential review.

Smith-Emerson's motion does not cite, much less attempt to distinguish, the Denmark decisions.  In fact, and despite its centrality to the merits of her motion for de novo review, she barely mentions the Citizens plan's "sole discretion" provision at all.  Instead, she offers two other arguments in favor of de novo review, neither of which is persuasive.

First, Smith-Emerson points to a different provision in the Citizens plan that addresses how claimants should submit proof to support their claims for benefits.  That provision stipulates, in relevant part, that "[p]roof must be submitted in a form or format satisfactory to Liberty."  Doc. No. 16-1 at 8 (emphasis added); see Doc. No. 14 at 2.  The word "satisfactory," Smith-Emerson argues, is ambiguous;

5

consequently, it does not suffice to grant discretionary authority to the administrator.

Liberty, however, does not base its discretionary authority argument on the plan's satisfactory proof provision. Instead, it points to the "sole discretion" provision, which is nearly identical to the provision in the Denmark decisions, as the source of this authority. Smith-Emerson's argument, therefore, is a red herring. She does not explain how potential ambiguity in the satisfactory proof provision, assuming any exists at all, might negate the unambiguous and conclusive "sole discretion" provision, and I am not otherwise aware of any basis in law that would support such a position. See Goodwin v. Liberty Life Assurance Co. of Boston, 2014 DNH 047, 14 (DiClerico, J.) (rejecting same argument). Therefore, I reject Smith-Emerson's argument regarding the satisfactory proof provision in view of controlling First Circuit precedent.[1]

---

[1] Smith-Emerson's recitation of New Hampshire insurance and contract law is immaterial for the same reason. As an initial matter, beyond her vague assertion that "the regulation of insurance policies is still a matter for the fifty states," Doc. No. 16-1 at 10, Smith-Emerson does not explain how or why state law affects a determination under ERISA of whether a benefits plan extends discretionary authority to an administrator. I need not address this question, however, because Smith-Emerson apparently appeals to New Hampshire law to show that the plan is

Smith-Emerson's second argument alludes to – without actually quoting – the "sole discretion" provision, arguing that it does not apply here because the administrator terminated her benefits after she had already been receiving them for two years.  In making this argument, Smith-Emerson apparently refers to the language in that provision stipulating that "decisions regarding . . . benefit eligibility shall be conclusive and binding."  Doc. No. 14 at 2-3 (emphasis added).  Because "this is a termination case, not an eligibility case," she argues, the "sole discretion" provision does not apply to her claim.  Doc. No. 16-1 at 12.

The distinction that Smith-Emerson attempts to draw between termination and initial denial of benefits lacks merit.  First, the plan's text provides no support for it.  A termination of benefits is simply a determination that the claimant is no longer "eligible" to receive benefits.  The fact that this determination follows a period of benefit disbursement makes it no less a "decision . . . regarding . . . benefit eligibility" than an initial denial of benefits.  See Doc. No. 14 at 2-3.

ambiguous and should therefore be construed against the insurer. As I have explained, there is nothing ambiguous about the "sole discretion" provision, and nothing else in the plan renders that provision ambiguous.

7

Second, First Circuit precedent again undermines this argument. In Terry v. Bayer Corp., the plan under dispute granted "the exclusive right to make . . . the determination of the eligibility for and the amount of any benefit payable." 145 F.3d 28, 37 (1st Cir. 1998) (emphasis added). The claimant appealed a termination of benefits, but the court nevertheless determined that the plan's language extended discretionary authority to the administrator and, accordingly, warranted deferential review. Id. This Court, too, has repeatedly found benefits plans to extend discretionary authority under ERISA when deciding appeals of terminated benefits. See Goodwin, 2014 DNH 047, 12; Fifield v. HM Life Ins. Co., 900 F. Supp. 2d 110, 116 (D.N.H. 2012) (Laplante, J.). Despite insisting that her position is correct "as a matter of law," Doc. No. 16-1 at 12 (emphasis in original), Smith-Emerson cites no authority that recognizes any material distinction between the termination of benefits and the initial denial of benefits. I therefore reject Smith-Emerson's second argument as well.

## III.  CONCLUSION

For these reasons, I conclude that Smith-Emerson's claim

8

will be subject to the deferential arbitrary and capricious standard of review. Thus, I deny Smith-Emerson's motion for de novo review (Doc. No. 16).

    SO ORDERED.


                          /s/Paul Barbadoro
                          Paul Barbadoro
                          United States District Judge


April 10, 2015

cc:  Charles G. Douglas, III, Esq.
     William D. Pandolph, Esq.